Good morning. Good morning, your honors. May it please the court, my name is Jamar Weiner from the law firm of Pomerantz LLP and I represent the appellants today. The appeal before you comes after almost seven years of hard-fought litigation and the decision that's at issue before you is Judge Farr's decision entering default liability as to default judgment as to liability only but declining to consider the contemporaneously filed class cert notification class certification motion and request for class damages. The court premised its ruling on two equally faulty assertions. One, that the court had already entered default judgment, which it had not, and second that a class certification motion at this juncture would somehow prejudice the defendants, which again it would not. What had been entered was the certificate? Correct, and that had been... And then how long after that? Default judgment was ultimately entered, right? It was ultimately entered. The certificate of default had been entered in February and the default judgment order had been entered on June 3rd. The class certification motion was filed along with the motion for default judgment on May 3rd. Did you have the opportunity to tell a district court that look it's only a default that's been entered, not the judgment? No. So what happened was, your honor, that I appeared for the hearing at which the default judgment motion and class certification motion were to be discussed, but the opposing counsel didn't show up. There was no opposing counsel. So Judge Farris never took the bench. They had me wait for about 15 minutes and when nobody else showed up, they canceled the hearing. So I was not heard from. So in the premise for that entire decision from Judge Farris was a confusion between the entry of that certification of default by the clerk of the court and the entry of default judgment months later. And the fact that the two of those are just because a certificate of default is entered doesn't mean that judgment will be entered also. In fact, that distinction is what renders both cases that she cites in her opinion completely an opposite. We have the Hosking versus New World Mortgage case. There, the court found the request for damages too late, but in that case, as opposed to here, an entry of default judgment had occurred months prior, which was not the case in our matter. And then in the Williams versus Goldman and Steinberg case, that case actually supports our position here, because there, even though the court entered default judgment and only set individual damages, the court also determined that plaintiffs should have an opportunity for class discovery. And only if they chose not to avail themselves of that right, would the court enter the individual damages that they had discussed in their opinion. Is there any such thing as too late in this context? Only after the entry of which it might become too late. Our position is that it's never too late. And in fact, there is another case that we cite in our brief, which is the Telford case. And there, the magistrate judge, in fact, recommends that the judge enter default judgment but defer a discussion of damages until a later point to enable plaintiffs to decide if they wanted to pursue on a class basis. And the fact that it's not too late is also evidenced by an opinion entered by Judge Rakoff back in 2013, which was a very similar scenario to the one here, which is the class had moved for a motion for entry of default judgment contemporaneously with a class certification motion. And this was, again, after a certificate of default had been entered. And Judge Rakoff issued an opinion contemporaneously certifying the class for purposes of entry of default judgment and then entered default judgment as well. The other basis for Judge Farr's opinion, which is equally mistaken, is that there's somehow some prejudice to defendants here if class certification is considered at this point. Because maybe, perhaps, defendants made some rational choice that they were going to default because they thought this was an individual action, but wouldn't have defaulted had they known this was a class situation. But the facts completely belie that assertion. You'd plead it for a class, or you'd plead it as a class action in the complaint. Exactly. Exactly, Your Honor. And not only that, but this is actually the third class certification motion that's been filed in this case. One was filed along with a motion for preliminary approval of a settlement, a settlement agreement which defendants later breached. That was never considered by the court. And then there was another motion for class certification filed later on in the litigation that also had not been ruled upon. So this is, in fact, the third one. Aside from which, from the moment we filed our motion for default judgment with our motion for class certification in May, there were weeks until Judge Farr's actually issued her opinion. All of these papers were served upon an attorney in California where defendants did accept service, and they still didn't come forward to try and defend against it. So they knew that this was going to be a class situation. They knew they were up against class damages. They flouted every court order telling them that they should seek counsel in this case. They have failed to appear, and it's simply incomprehensible that at this point in time they should be rewarded for that disrespect to the court. Thank you, Your Honors. Thank you for your argument, and we will reserve decision in this case. Thank you.